1

# UNITED STATES DISTRICT COURT
## District of Minnesota

| | |
|---|---|
| Antonio Dupree Wright<br>Plaintiff, | Court File No: 25-CV- 2502-JRT/DLM |
| v. | PRO-SE COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF AND DEMAND FOR JURY TRIAL |
| St. Paul Police Department; Ramsey County Attorney Office; Sgt. Soren Mahowald, in his Individual and Official Capacity; Ramsey County Sheriff; Ramsey County<br><br>Defendant(s). | |

*RECEIVED BY MAIL JUN 16 2025 CLERK, U.S. DISTRICT COURT MINNEAPOLIS, MINNESOTA*

Plaintiff Antonio Dupree Wright, Pro Se, hereby brings this Actions against The Defendant(s) named above and alleges as Follows:

### Introduction

This is a civil action for Damages brought pursuant to 42 U.S.C.§§ 1983 and 1985. The Fourth, Fifth, Eight, and Fourteenth Amendments to the U.S. Constitution, The Minnesota Constitution, and Minnesota Common Law, arising from Plaintiff wrongful arrest, malicious prosecution, evidence tampering, excessive bail, denial of medical care, and deliberate indifference while in custody, all resulting in severe harm.



SCANNED JUN 16 2025 U.S. DISTRICT COURT MPLS

Plaintiff **Antonio Dupree Wright** was falsely accused and arrested for a triple homicide and attempted murder case **(Criminal File No. 62-CR-22-5116),** despite having verifiable alibi evidence showing he was in Chicago, Illinois at the time. The Defendants knowingly **withheld exculpatory evidence** and subjected Plaintiff to unconstitutional conditions, including excessive bail, medical neglect, and reputational injury.

## Parties

1. Plaintiff: **Antonio Dupree Wright** is a citizen of Illinois who was wrongfully arrested and prosecuted in Minnesota. At all times relevant, Plaintiff was Residing in Chicago, Illinois.

2. Defendant: **St. Paul Police Department** is a municipal law enforcement agency within the city of St. Paul, Minnesota.

3. Defendant: **Ramsey County Attorney's Office** is a governmental prosecutorial agency responsible for the prosecution of criminal cases in Ramsey County, Minnesota.

4. Defendant: **Sgt. Soren Mahowald** is a homicide and robbery detective employed by the St. Paul Police Department, sued in his individual and official capacities.

5. Defendant: **Ramsey County Sheriff Office** operates the **Ramsey County Jail** and is responsible for the detainee health and safety.

6. Defendant: **Ramsey County** is a political subdivision of the state of Minnesota, responsible for the actions of its agents and department

## Jurisdiction

The Court has Subject-Matter Jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because the action arises under federal law, including 42 U.S.C. §§ 1983 and 1985. The Court has supplemental Jurisdiction over state law claims under 28 U.S.C. § 1367.

## Venue

Venue is Proper under 28 U.S.C. § 1391 (B) because the evens giving rises to these claims occurred in Ramsey County, Minnesota, within the District of Minnesota.

## FACTUAL BACKGROUND

1. On or about September 6th 2022, Plaintiff was arrested by the FBI agents in Chicago, Illinois and held in Cook County Jail under harsh conditions before being extradited to Minnesota.

2. Plaintiff was charged in Ramsey County District Court with three counts of second-degree murder and three counts of attempted second degree murder (Criminal File No. 62-CR-22-5116).

3. Plaintiff was never interview by a detective, never read his Miranda rights, and initially assigned a public defender before retaining private counsel, the late Joe Friedberg.

4. Defendant Sgt. Soren Mahowald conducted witness interviews wherein none of the witness identified Plaintiff as the shooter. At least one witness selected another individual from a photo lineup

5. DNA and Fingerprints evidence collected from the scene did not match Plaintiff. The murder weapon was found but bore no traceable connection to Plaintiff.

6. Defendant Sgt. Soren Mahowald traveled to Chicago, Illinois and obtained digital surveillance footage from Plaintiff's mother residence showing Plaintiff in Illinois at the relevant time. This evidence was allegedly tampered with and withheld from the defense.

7. The Ramsey County Attorneys Office pursued charges with knowledge of exculpatory evidence, constituting malicious prosecution.

8. While detained, Plaintiff was denied medical care for multiple sclerosis, resulting in health deterioration, weight loss, impaired vision, and extreme pain.

9. Plaintiff bail was set at **$25 Million** an excessive and discriminatory amount. Other Defendants facing similar or more severe charges received significantly lower bail amounts.

10. As a result of Defendants actions, Plaintiff lost his home, cars, business, animals, suffered emotional trauma, defamation, family loss, financial ruin, and severe deterioration of physical and mental health.

## CLAIMS FOR RELIEF:

**COUNT 1:** 42 U.S.C. § 1983 Malicious Prosecution (Against all Defendants)

1. Plaintiff incorporates by reference all preceding paragraphs.

**COUNT 2:** 42 U.S.C. § 1983 Fabrication and Withholding of Exculpatory Evidence (Against Sgt. Mahowald and St. Paul Police Department)

1. Plaintiff incorporates by reference all preceding paragraphs.

**COUNT 3:** 42 U.S.C. § 1983 Denial of Medical Care (Against Ramsey County Sheriff Office and Ramsey County)

1. Plaintiff incorporates by reference all preceding paragraphs.

**COUNT 4:** 42 U.S.C. § 1983 Excessive Bail and Violation of Equal Protection Act (Against Ramsey County and Ramsey County Attorney Office)

1. Plaintiff incorporates by reference all preceding paragraphs.

**COUNT 5:** 42 U.S.C. § 1983 Due Process Violations (Against all Defendants)

1. Plaintiff incorporates by reference all preceding paragraphs.

**COUNT 6:** State Law Intention Infliction of Emotional Distress (Against all Defendants)

1. Plaintiff incorporates by reference all preceding paragraphs.

**COUNT 5:** State Law Negligence and Gross Negligence (Against all Defendants)

1. Plaintiff incorporates by reference all preceding paragraphs.

**COUNT 5:** State Law Defamation and Reputational Harm

1. Plaintiff incorporates by reference all preceding paragraphs.

**COUNT 5:** State Law Tortious Interference with Economic Advantage and Business Relationships. (Against all Defendants)

1. Plaintiff incorporates by reference all preceding paragraphs.

## DAMAGES:

Plaintiff suffered economic and non-economic damages as a direct result of defendants conduct, including:

- **Loss of Business income and Employment Opportunities**
- **Emotional Distress and PTSD**
- **Medical Deterioration and due to untreated MS.**
- **Defamation and Reputational Harm.**
- **Loss of Property including Home, Vehicles, Exotic Pets.**
- **Engagement dissolution and loss of family relationships**
- **Legal expenses exceeding $60,000.**
- **Pain and Suffering, Mental Anguish, Humiliation.**

## Legal Standards and Memorandum of Law

Plaintiff brings claims under 42 U.S.C. § 1983 for violations of his constitutional rights. The U.S Supreme Court held that government actors

are liable for the Deprivation of Constitutional Rights under Color of Law. See *Monroe v. Pape, 365 U.S. 167 (1961)*.

- **The Fabrication and Suppression of exculpatory evidence violates due process under** *Brady v. Maryland, 373 U.S. 83 (1963)*.
- **Setting excessive bail violates the eighth and fourteenth amendments. See** *Stack v. Boyle, 342 U.S. 1 (1951)*.
- **Denial of Necessary Medical Care to Pretrial Detainees violates the Fourteenth Amendment. See** *City of Revere v. Mass. Gen. Hosp., 563 U.S. 239 (1983)*.
- **The Statute of Limitation is tolled under the Doctrine of equitable tolling due to Plaintiff's diagnosed PTSD, Depression, and Mental Incompetence at the Time of accrual. See** *Minn. Stat.§ 541.15 (a);*
- **See also** *Wallace v. Kato, 599 U.S. 384 (2007)*.

## Prayer for Relief

Wherefore, Plaintiff, respectfully request that this court grant the following Relief:

A. Award Compensatory Damages and Punitive Damages in the amount of $25.9 Million.

B. **Punitive Damages against individual defendants for their reckless and intentional conduct;**

C. **An award of pre-judgement & post judgment interest;**

D. **Declaratory Relief finding Defendants actions unconstitutional and unlawful;**

E. **An Order for Full Expungement of all related criminal records**

F. **An award of attorney fees and cost pursuant to 42 U.S.C § 1988;**

G. **Public apology and retraction statement to be made by Defendant(s).**

H. **Declarative relief.**

I. **Cost.**

J. **Grant any other Relief the court deems just, proper and equitable.**

### Demand for Jury Trial

**Plaintiff demands a trial by jury of all issues triable pursuant to Rule 38 of the Federal Rules of Civil Procedures.**

Dated: **June 9, 2025**            /s/ *Antonio Dupree Wright*

                                   Signed under the penalty of perjury

**Antonio Dupree Wright**
Pro Se
Temp. Mailing Address
970 Pickett Street N.
Bayport, Minnesota 55003-1489

Email: _____

Phone No. _____

## Acknowledgement

The above hereby Acknowledges that cost, disbursements, and witness fee may be awarded pursuant to Minnesota statute Section 549.211, Subdivision 3 to the party against whom the allegation in the pleading are asserted.